Jacob Markowitz, J.
This is an application under section 707 of the Labor Law, for a judgment enforcing portions of an order of the New York State Labor Relations Board datéd February 7, 1973. The order directed respondent, in the portions sought to be enforced, to cease and desist from certain claimed unfair labor practices, to make whole and reinstate certain employees dismissed by respondent, and to do other related acts.
In J une of 1971, respondent discharged four of its employees. Thereafter, on June 21, 1971, the Chefs, Cooks, Pastry Cooks and Assistants Union of New York, Local 89, AFL-CIO, filed a charge with petitioner that these employees were discharged for unfair labor practices, and that respondent had interfered with union activities. In answer respondent asserted that the employees were nonimmigrant aliens who had come into this country under visas which did not permit employment, that they were working illegally, that illegal aliens, working illegally do not have the right to avail themselves of the procedures of the Labor Board, and that it discharged them for these reasons.
The trial examiner found' that illegal aliens were included under the definition of employees in subdivision 3 of section 701 of the Labor Law; and on the basis of the. testimony presented at the hearings, determined that the four employees were dis-= *173 charged for union activities. He recommended their reinstatement. The Labor Relations Board adopted his recommendations and issued the order sought to be enforced.
An order of the Labor Relations Board1 is enforced if it is supported by substantial evidence and is a proper exercise of the board’s powers (Matter of Stork Rest. v. Boland, 282 N. Y. 256). But a distinction is made by the courts between that part of the order which directs an employer to cease and desist from unfair labor practices and the part which mandates affirmative action on the employer’s part in the form of reinstatement and back pay (Matter of New York State Labor Relations Bd. v. Holland Laundry, 294 N. Y. 480). “ An order of the Board commanding that an employer shall cease and desist from such unfair labor practices vindicates a public right to protection against conduct which the Legislature has found is inimical to the welfare of the People of the State ” (ibid., p. 495). The affirmative action in respect of particular employees directed by the Labor Board to be taken by the employer, on the other hand, vindicates private rights. In respect of such rights the board may not retroactively declare that acts of an employer, justified when done, constitute unlawful labor practices. (Ibid., pp. 496-497.)
Respondent claimed at the hearing before the trial examiner, and now urges upon this application, that the dismissed employees are nonimmigrant aliens as defined in section 101 (subd. [a], par. [15], cl. [B]) and section 101 (subd. [a], par. [15], cl. [C]) of the Immigration and Naturalization Law. (U. S. Code, tit. 8, § 1101 et seq.) If in fact they come within either of the classes defined in these sections of the Immigration and Naturalization Law, the order of the Labor Relations Board, insofar as it directs their reinstatement, contravenes Federal policy.
Under section 214.1 (c) of the Immigration Regulations, such nonimmigrant aliens “ may not engage in any employment ” (Code of Fed. Reg., tit. 8, § 214.1, subd. [c]; U. S. Code, tit. 8, § 1101, subd. [a], par. [15], cls. [B], [C]), and visas issued to them are limited accordingly. It is incumbent upon the Labor Relations Board to comply with these regulations.
The record does not demonstrate that the board passed upon this aspect of the case.
This application is accordingly disposed of as follows: An enforcement order may issue respecting that portion of the Labor Board’s order of February 7,1973, which directs respondent to cease and desist from the claimed unfair labor practices. *174 The balance of the application is denied without prejudice, and the matter is remanded to the Labor Relations Board for further hearing and decision on the issue of employability, not inconsistent with this opinion.